<hr/>

## MARY DOHERTY *vs.* JOHN L. BROWN.

A declaration in slander for charging the plaintiff with being "a whore and a common prostitute" is not supported by proof of other words amounting to a general charge of unchastity.

SLANDER. The declaration averred: 1st. " That the defendant publicly, falsely and maliciously accused the plaintiff of the crime of fornication, by words spoken of the plaintiff substantially as follows; viz: ' That you' (meaning the plaintiff) ' are a whore and a common prostitute, and you' (meaning the plaintiff) ' associate with prostitutes.' " 2d. " That the defendant publicly, falsely and maliciously accused the plaintiff of the crime of fornication, by words spoken of the plaintiff substantially as follows: ' She' (meaning the plaintiff) ' is a whore, a damned whore, and a common prostitute.' "

At the trial in the superior court of Suffolk at March term 1856, *Nelson*, C. J., instructed the jury, " that the plaintiff, to obtain a verdict on the first count, need not prove the identical

words set forth and specified therein, if other words were proved to have been said by the defendant and concerning the plaintiff, amounting to a general charge of unchastity, which would be enough to support that count." The jury returned a general verdict for the plaintiff, and the defendant alleged exceptions.

*H. C. Hutchins*, for the defendant.

*T. Willey*, for the plaintiff.

THOMAS, J. The instruction of the court " that the plaintiff, to obtain a verdict on the first count, need not prove the identical words set forth and specified therein, if other words were proved to have been said by the defendant of and concerning the plaintiff, amounting to a general charge of unchastity," was erroneous.

1st. The words set out in the declaration must be, if not precisely, yet substantially proved. The object of this mode of pleading is to give notice to the defendant of what is to be proved, not merely the nature of the charge, but the language in which it was uttered. The evidence therefore must show the charge to have been made substantially as alleged, so far even as the words are concerned. It cannot be shown that the same charge was made, but in another form, and in the use of substantially different language. Such a rule would wholly defeat the purpose of the statute in requiring the words of the charge to be spread upon the record.

2d. The proof of making a charge of unchastity against the plaintiff does not sustain the allegation in the first count that the defendant charged the plaintiff with being a common prostitute. They are not the same charge. Supposing the words as set out to have been proved, it is plain that proof of the unchastity of the plaintiff would not be a justification of the charge made.

3d. The jury having found a general verdict on the two counts, the instruction cannot be deemed immaterial. They are not two different modes of stating one and the same slander, but two charges of slander; not one cause of action in different counts, but different causes of action in different counts.                    *Exceptions sustained.*